## APPEAL OF T. D. DOWNING CO.

Docket No. 2276.   Submitted May 21, 1925.   Decided September 7, 1925.

The taxpayer herein *held* to be a personal service corporation.

*Cedric A. Major, Esq.*, for the taxpayer.
*E. C. Lake, Esq.*, for the Commissioner.

### Before MARQUETTE and MORRIS.

year 1918, with a resulting deficiency in income and profits taxes in the amount of $3,763.19 for that year. From the pleadings, evidence, and agreed statement of facts, the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of Massachusetts on December 26, 1913, with a capital stock of 500 shares having a par value of $50 each, and is a continuation of a partnership formed in 1910. At all times since its organization the corporation has been engaged in the business of customhouse brokers and freight forwarders, and its activities consisted generally in rendering service to shippers and consignees in connection with the entry into this country and the export from this country of merchandise, the title to such merchandise being at all times in the shippers or consignees and never in the taxpayer corporation. The partnership business was carried on by Thomas D. Downing, Paul G. Downing, and William Lippman, as copartners, and upon the organization of the corporation these three men subscribed for and took the entire capital stock of the corporation and since that time and at all times during the year 1918 the three said individuals were regularly engaged in the active conduct of the affairs of the taxpayer, and its income is ascribable primarily to their activities. It was stipulated that capital is not and was not at any time during the year 1918 a material income-producing factor in the business.

During the year 1916 the taxpayer was reorganized and a redistribution of the stock was made. The principal stockholders during the year 1918, according to the books of the corporation, were as follows:

| | Shares. |
|---|---|
| Thomas D. Downing | 26 |
| Frances M. Downing (wife) | 252 |
| Paul G. Downing | 81 |
| William Lippman | 38 |
| Florence D. Lippman (wife) | 73 |

The certificate for 252 shares to Frances M. Downing, the wife of Thomas D. Downing, was issued on February 9, 1916, without consideration, and on the same date the said certificate was endorsed in blank by said Frances M. Downing and delivered to Thomas D. Downing with intent to pass the title thereto to said Downing. The said transfer was not recorded on the books of the corporation but the certificate so endorsed was placed in a safe deposit box rented by Downing. Dividend checks were made payable to Frances M. Downing and endorsed "Frances M. Downing, by T. D. Downing; for deposit, T. D. Downing," and the amount of such dividends was returned by Frances M. Downing in her personal income-tax

return. Amended returns were filed by T. D. Downing in 1925, wherein the said dividends were returned as income to him. The said Frances M. Downing took no part in the active conduct of the business of the taxpayer.

The certificate for 73 shares to Florence D. Lippman, the wife of William Lippman, was issued on February 9, 1916, without consideration, and on February 20, 1916, was endorsed in blank by said Florence D. Lippman and delivered to William Lippman with intent to pass the title to said certificate. The certificate representing these shares was not transferred on the books of the corporation until subsequent to the year in question. Dividend checks on this stock were issued payable to " cash " and endorsed " For deposit, William Lippman." Florence D. Lippman took no part in the active conduct of the business of the corporation.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

MARQUETTE: Whether the taxpayer is a personal service corporation depends on whether Thomas D. Downing, Paul G. Downing, and William Lippman were the principal stockholders of the corporation. All the other elements essential to classification as a personal service corporation concededly exist. The legal effect of the endorsement in blank and delivery of the certificates of stock issued to Frances M. Downing and Florence D. Lippman is therefore determinative of the question involved.

The facts found disclose that the certificates in question were issued to the wives of Downing and Lippman and on the same date, or shortly thereafter, were endorsed in blank by them and delivered to their respective husbands with intent to pass title thereto. It is well settled that the endorsement of a certificate of stock in blank and the delivery thereof passes both the legal and equitable title as between the parties. *McNeil* v. *Tenth National Bank*, 46 N. Y. 325. And it is common practice to pass certificates thus endorsed from hand to hand without change of the name of the original owner, although the title changes with each delivery. *Fisher* v. *Mechanics' & Metals National Bank*, 153 N. Y. S. 786.

Upon the facts herein we are of opinion that the legal title to the certificates of stock originally issued to Frances M. Downing and Florence D. Lippman, respectively, was vested in Thomas D. Downing and William Lippman, and that they, together with Paul G. Downing were the principal stockholders of the corporation. The taxpayer is therefore entitled to classification as a personal service corporation.

ARUNDELL not participating.